IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOWELL CHARLES LAAKE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:22-cv-17 |
| | ) |
| v. | ) |
| | ) |
| R. MOONEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pending before the Court are two Motions for Appointment of Counsel filed by Plaintiff (ECF Nos. 9 and 15.) For the reasons set forth below, both motions will be denied.

**I.     Relevant Background**

Plaintiff is a state prisoner in the custody of the Pennsylvania Department of Corrections (the "DOC"), which currently houses him at SCI Houtzdale. In his Amended Complaint (ECF No. 12),[1] he alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated when Captain of Security R. Mooney and Lieutenants of Security P. English and J. Oliver placed him in the Restrictive Housing Unit (RHU) instead of protective custody as he had requested.

Both of Plaintiff's motions are substantially similar. Plaintiff states that the Court should appoint him counsel because he cannot afford to hire counsel himself; his efforts to obtain a lawyer to represent him pro bono have failed (including Philadelphia Legal Assistance); the issues in this case are complex; he has a limited education and knowledge of the law; an attorney will be better able investigate the facts of this case and also deal with conflicting testimony and evidence and

---

[1] In his original Complaint (ECF No. 7), he named only SCI Houtzdale as a defendant. On February 11, 2022, the Court entered an order informing him that he could not sue the prison as it is not a "person" and he subsequently filed the Amended Complaint.

cross-examine witnesses if this case goes to trial; he has no access to the law library; and he is confined to the RHU.

**II.     Discussion**

Unlike criminal defendants, prisoners and indigent civil litigants have no constitutional or statutory right to counsel. *See, e.g.*, *Parkell v. Danber*, 833 F.3d 313, 340 (3d Cir. 2016); *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has emphasized "that volunteer lawyer time is extremely valuable" and for that reason district courts should not request counsel "indiscriminately." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). It also observed "the significant practical restrains on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal court; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

District courts have "broad discretion to determine whether it is appropriate to ask an attorney to represent an indigent prisoner in a civil rights action." *Parkell*, 833 F.3d at 340. First, the district court should consider whether the case has some arguable merit. *Id.* If it does, then the court should consider a range of factors, including:

> 1. the plaintiff's ability to present his or her own case; 2. the difficulty of the particular legal issues; 3. the degree of which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4. the plaintiff's capacity to retain counsel on his or her own behalf; 5. the extent to which a case is likely to turn on credibility determinations, and; 6. whether the case will require testimony from expert witnesses.

*Id.* (quoting *Montgomery,* 294 F.3d at 499). *See also Tabron*, 6 F.3d at 155-57. This list is not exhaustive, nor is any one factor determinative. *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

Assuming for this Memorandum Order *only* that this case has some arguable merit, the Court concludes that the balance of the above-cited factors weigh against the appointment of counsel at this time. Contrary to Plaintiff's assertion, this case does not present complex issues. Although Plaintiff contends he has limited education and legal knowledge, the filings he has submitted thus far demonstrate that he has a basic understanding of his claim and that, at this stage of the litigation, he has the ability to present his case without an attorney. The Court also notes that as a *pro se* litigant, he has the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972), and its progeny, which provide that the court must liberally construe *pro se* pleadings.

The Court appreciates Plaintiff's concern regarding his inability to physically access the law library. In his motion for appointment of counsel, however, he cites appropriate factors for the Court to consider.

Finally, Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." *See also Parkell*, 833 F.3d at 340 ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of *special circumstances* indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'") (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)). Here, many of the circumstances cited by Plaintiff are those faced by all prisoner litigants. Should the case survive dispositive motions and appear ready to proceed to trial, the Court will reconsider his request.

Based on the foregoing, Plaintiff's Motions for Appointment of Counsel are DENIED without prejudice. Appropriate orders will follow.

BY THE COURT:

s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

cc: Lowell Charles Laake
     QH-9057
     SCI Houtzdale
     P.O. Box 1000
     209 Institution Drive
     Houtzdale, PA 16698-1000